___



**SO ORDERED,**

**Judge Selene D. Maddox**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.
___

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE: JACKIE NETTERVILLE, II,** | **CASE NO.: 19-10710-SDM** |
| **DEBTOR(S).** | **CHAPTER 13** |
| | |
| **JACKIE NETTERVILLE, II** | **PLAINTIFF** |
| | |
| **V.** | **ADV. NO. 19-01017-SDM** |
| | |
| **PLANTERS BANK & TRUST CO.** | |
| **AND THE McGARRH AGENCY INC.** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on the *Defendants' Motion for Summary Judgment* [Dkt # 12]. No response has been submitted by the Plaintiff, but on July 19, 2019, the Defendants supplemented their motion with additional discovery that was not available when the motion was initially filed. The Court concludes for the reasons outlined below that summary judgment is **GRANTED.**

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc dated August 6, 1984. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (I), and (O).

## II. SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting former FED. R. CIV. P. 56(c)); see also FED. R. CIV. P. 56(c)(1).[1] The party seeking summary judgment bears the burden of demonstrating to the court the absence of a genuine issue of material fact. *Id*. at 323. "As to materiality, the Supreme Court has stated that '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). All reasonable doubt as to the existence of a genuine issue of material fact "must be resolved against the moving party." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980) (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

Rule 56 further provides:

(e) If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

---

[1] Federal Rule of Bankruptcy Procedure 7056 incorporates without modification Rule 56 of the Federal Rules of Civil Procedure.

> . . . .
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it;
> . . . .

Fed. R. Civ. P. 56(e).

In the present adversary proceeding, the Plaintiff has not responded to the Defendants' motion. The Court may therefore deem all facts presented by the Defendants as undisputed. *Id. See also* Miss. Bankr. L.R. 7056-1(1)(B) (non-movant shall file a responsive list of disputed material facts with supporting evidence). Nevertheless, the Court must still consider the reliability, propriety, and relevance of the evidence submitted by the movant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The Plaintiff's failure to respond to the Motion does not shift the initial burden from the Defendants to prove that there is no genuine issue of material fact. "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' . . . If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.* at 1075 (citing *Celotex*, 477 U.S. at 323). The Defendants have submitted sufficient evidence in this adversary proceeding to support the following factual findings.

### III.   FINDINGS OF FACT

The Debtor-Plaintiff is Jackie Netterville, II ("the Debtor") who, according to the court filings, was the owner and sole shareholder of Netterville Properties, LLC ("NP"), the entity which owned real estate consisting of several rental properties in Greenville, Mississippi (collectively "the Properties") that is at issue in this adversary proceeding. The Defendants collectively include Planters Bank & Trust Co. ("Planters"), which foreclosed on the Properties purportedly in violation

of the automatic stay, and the McGarrh Agency, Inc. ("McGarrh"), a Greenville real estate agency. McGarrh's role in these affairs is ambiguous; the Debtor alleges that McGarrh was the purchaser of the Properties at the foreclosure sale, while Defendants claim that McGarrh was merely responsible for mailing notices of the foreclosure sale to the Debtor's tenants.

On April 19, 2017, the Debtor petitioned for personal bankruptcy under Chapter 13 in case number 17-11421 ("the 2017 case"). The 2017 case was dismissed on July 13, 2017. None of the Properties later foreclosed upon by Planters were listed on the Debtor's Schedule A filed in the 2017 case.

On December 6, 2017, NP was administratively dissolved.[2] There is no information before the Court as to the disposition of NP's assets afterwards and, in fact, no evidence that they were disposed of at all. Despite NP's dissolution, the LLC petitioned for Chapter 11 bankruptcy on October 10, 2018 in case number 18-13951 ("the 2018 case"). That case was dismissed on October 25, 2018 for failure to timely file documents, and NP's motion to reinstate the Chapter 11 case was denied. The 2018 case was finally closed on January 26, 2019. All of the Properties later foreclosed upon were listed on the Schedules filed in the 2018 case, and all of them were described as being owned by NP in fee simple despite the fact that the company had already been dissolved by the time of filing.

On February 19, 2019 and in response to notice of a pending foreclosure sale of the Properties by Planters, the Debtor filed a second personal Chapter 13 bankruptcy ("the 2019

---

[2] Administrative dissolution is a form of dissolution imposed on LLCs by the Mississippi Secretary of State pursuant to the Revised Mississippi Limited Liability Company Act. Miss. Code Ann. § 79-29-821 *et seq.* A proceeding to administratively dissolve an LLC may be commenced for any of several grounds, but a company so dissolved may apply for reinstatement at any point after the effective date of dissolution by following the procedures outlined in Miss. Code Ann. § 79-29-825. Such reinstatement, if granted, relates back to and takes effect as of the effective date of the administrative dissolution, effectively making it as if the dissolution had never occurred. *Id.*

case"). After concluding that the filing of the 2019 case was not an obstacle to foreclosure because the Properties were owned by NP and not by the Debtor in his individual capacity, Planters proceeded with the foreclosure sale on February 20, 2019. On March 5, 2019, the Debtor filed his Schedule A which listed the Properties and asserted an "equitable interest" in them. On March 14, 2019, the Debtor filed the instant adversary proceeding against the Defendants. The complaint asks the Court to set aside the foreclosure sale, award reasonable attorney's fees, and order such other relief as is just and proper. On July 11, 2019, the underlying 2019 case was dismissed for failure to make payments and failure to present a feasible plan.

The adversary proceeding remains, however. The Defendants have now filed the instant and unopposed summary judgment motion. The Defendants have further supplemented their motion for summary judgment with references to their written discovery propounded to the Debtor, including several Requests for Admissions which were not timely answered and are thus deemed admitted. The most salient of these is Request No. 14: "*Please admit that Netterville Properties, LLC is the real party in interest and was the fee simple owner of the properties foreclosed upon.*"

### IV.    CONCLUSIONS OF LAW

The disposition of the Defendants' summary judgment motion ultimately turns on a single fact and on whether there is sufficient dispute regarding it to justify denying the motion even though it is unopposed. Simply stated, were the Properties part of the Debtor's estate at the time the 2019 case was filed? If they were not, then the automatic stay did not protect the Properties from foreclosure, and summary judgment should be granted. If they were a part of the estate (presumably by virtue of the Debtor's asserted "equitable interest" in them), then the automatic stay should have been a bar to foreclosure, and summary judgment should be denied. Of course, denying summary judgment does not necessarily equate to ruling in favor of the Debtor, as facts

which are disputed at the summary judgment stage may ultimately be resolved in the movants favor by the trier of fact.

Under Mississippi law, an LLC that has been administratively dissolved continues to exist but may not carry on any business beyond what is necessary for liquidation and to notify those who may have claims against it. Miss. Code. Ann. § 79-29-831. Although a dissolved LLC can act to distribute its assets among its shareholders according to their interests, dissolution of an LLC does not automatically transfer title to shareholders as a matter of course. Miss. Code Ann. § 79-29-809. Thus, the mere fact that the Debtor owns 100% of NP does not mean that the Debtor automatically obtained legal title upon NP's dissolution, a fact which even the Debtor must concede because NP itself continued to assert ownership of the Properties in the 2018 case and because the Debtor is deemed to have admitted that NP remains the owner in fee simple of the Properties.[3]

In the Debtor's filings, he asserts an "equitable interest" in the Properties that makes them a part of his bankruptcy estate.

> Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). State law determines whether a debtor has a legal or equitable interest in property of the kind sufficient to bring the property into the bankruptcy estate. *Croft v. Lowry (In re Croft)*, 737 F.3d 372, 374 (5th Cir. 2013). After the debtor's state law property interests are determined, federal bankruptcy law is applied to establish the extent to which those interests are property of the estate. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

*In re Davidson*, 596 B.R. 841, 847 (Bankr. N.D. Miss. 2019).

---

[3] As noted previously, the Debtor's 2017 case did not identify the Properties as real property owned by him on his Schedule A. NP's 2018 case, however, *did* identify the Properties on Schedule A as real property owned by it in fee simple. The Debtor's 2019 case listed the Properties on Schedule A but only as an "equitable interest." There is no evidence in the record of any indication that the Properties were ever transferred to the Debtor in any legal sense.

As a threshold matter, there is no question that the Debtor lacks any legal interest in the Properties based on his own repeated admissions, and so an "equitable interest" is the only interest capable of bringing the Properties into the bankruptcy estate and under the aegis of the automatic stay. Unfortunately for the Debtor, there is nothing in the record before this Court to indicate what any such equitable interest might be.

True, the Debtor suggests that such an interest can emerge from the mere fact that he is the sole stockholder of NP, the entity which *does* hold legal title to the Properties, but such a theory flies in the face of what a limited liability company is and what it is meant to achieve. "The passage of the 1994 Act allowed business owners to enjoy the benefits of limited liability previously enjoyed by shareholders of corporations, while at the same time providing for tax treatment as a partnership." *In re Mid-S. Bus. Assocs., LLC*, 555 B.R. 565, 571 (Bankr. N.D. Miss. 2016).

The Mississippi Limited Liability Company Act states in relevant part:

> (2) The administrative dissolution of a limited liability company shall not impair the validity of any contract, deed, mortgage, security interest, lien or act of such limited liability company or prevent such limited liability company from defending any action, suit or proceeding with any court of this state.
>
> (3) A member, manager or officer of a limited liability company is not liable for the debts, obligations or liabilities of such limited liability company solely by reason of the administrative dissolution of a limited liability company.

Miss. Code. Ann. § 79-29-831.

It is well-established under Mississippi law that "a corporation is a legal entity separate and distinct from its shareholders." *Skinner v. Skinner*, 509 So. 2d 867, 870 (Miss. 1987) (holding that chancellor erred in awarding corporate property to appellant where corporation not a party to proceedings). An LLC, like a corporation, is treated as a separate entity and its assets are to be treated as separate and distinct from the debts of its individual shareholders. *See generally A & L, Inc. v. Grantham*, 747 So. 2d 832, 846 (Miss. 1999).

Applying this analysis to the case at bar, the Court is not persuaded that the Properties were legitimately a part of the Debtor's bankruptcy estate in the Chapter 13 case that led to this adversary proceeding. Rather, all evidence before the Court indicates that the Properties were owned completely by NP. While the Debtor was the sole shareholder of NP, the existence of the corporate veil serves to separate those two entities at least as far as the Bankruptcy Code is concerned. Certainly, the Debtor *could* have used his control over NP to convey the Properties to himself (and perhaps should have after the dissolution of NP). But he never chose to do so, and he cannot now pierce his own corporate veil to shield the Properties personally after having relied on the protections of limited liability in the past.

Based on the evidence adduced by the unrebutted summary judgment motion, by other court documents, and by the relevant case law, this Court finds that the Properties were not protected from foreclosure by the imposition of the automatic stay. There are no disputed issues about this material (and indeed, dispositive) fact, and thus, the Defendants are entitled to judgment as a matter of law.

**ACCORDINGLY**, it is hereby **ORDERED, ADJUDGED**, and **DECREED**

1. That the Defendants' *Motion for Summary Judgment* [Dkt. #12] is **GRANTED**;

2. That the instant adversary proceeding is **DISMISSED** with prejudice; and

3. That each party shall bear their own costs.


##END OF ORDER##